

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
12/02/2020

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| IHEARTMEDIA, INC., *et al.*,[4] | § | Case No. 18-31274 (MI) |
| | § | |
| Reorganized Debtors. | § | |
| | § | |
| | § | |
| | § | |
| iHEARTMEDIA, INC., | § | Adversary No. 20-3483 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MGM GRAND HOTEL, LLC | § | |
| | § | |
| Defendant | § | |

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE
WHY MGM GRAND HOTEL, LLC SHOULD NOT BE HELD IN CIVIL CONTEMPT**

This Order is issued on the complaint of the above-captioned Plaintiff for entry of a temporary restraining order and preliminary and permanent injunctions against the MGM Grand Hotel, LLC ("MGM" or the "Defendant").

This Order is issued pursuant to section 105 of the Bankruptcy Code, rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure, and the Court's inherent authority. The Court has reviewed the Complaint and its attachments, including the Declaration of Monica Olis. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and Constitutional and statutory authority to enforce the discharge injunction in case 18-31274 and the Court's prior orders.

Plaintiff is entitled to issuance of a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure, as made applicable by Rule 7065 of the Federal Rules of

Bankruptcy Procedure based on the Plaintiff having demonstrated:

(1) a substantial likelihood of success on the merits. The Court issued its May 28, 2019 Memorandum Opinion arising out of this same dispute. That Memorandum Opinion evaluates the facts and circumstances presented by the current dispute and concludes that the discharge injunction precludes actions that would force the Plaintiff to bear the costs and the risks of this litigation. The discharge has now been ordered by this Court. The test in this Circuit is not a certainty of success; in this case, a substantial showing has been made that the Plaintiff may succeed on the merits.

(2) that absent preliminary injunctive relief, the Plaintiff is likely to suffer irreparable harm. Plaintiff alleges that the funds, if taken from Plaintiff, will never be recoverable by Plaintiff. This would constitute an irreparable injury.

(3) that the balance of equities is in the Plaintiff's favor. This factor weighs heavily in favor of the Plaintiff. The equities demonstrate that the Court has ruled on this matter. If the parties wish to settle in a manner that does not implicate any of the Plaintiff's assets, liabilities, or properties, they may seek an emergency hearing before this Court and this order will be modified. and

(4) that preliminary injunctive relief is in the public interest. It is in the public interest to enforce existing Court orders, like the discharge injunction.

Therefore, the Court orders:

1. MGM is enjoined from taking any action related to MGM's claims associated with Walker Lawsuit and/or the License Agreement that would cause iHeart economic loss. Actions MGM is enjoined from taking include, but are not limited to, executing a settlement agreement related to the Walker Lawsuit and submitting any additional invoices to the Insurer for legal defense costs related to the Walker Lawsuit.

2.	A bond is appropriate. In this case, the bond should be equal to the interest charges caused by any delay resulting from the issuance of this ruling. This temporary restraining order expires after 14 days. At an interest rate of prime plus 2%, the interest on $925,000.00 would be less than $2,000.00. Plaintiff must deposit $2,000.00 into the Court's registry to serve as a bond. The bond will be effective upon the filing of a notice from Plaintiff's counsel that the $2,000.00 is immediately being deposited into the registry.

3.	This Temporary Restraining order is issued at 8:26 a.m. on December 2, 2020. It is effective on entry. Unless extended by further order, this Temporary Restraining Order expires on December 16, 2020 at 8:25 a.m.

4.	The Court will conduct a hearing on Plaintiff's Complaint for a Preliminary Injunction at 4:00 p.m. on December 14, 2020.

5.	For the reasons set forth in this Court's May 28, 2019 Memorandum Opinion, it appears that MGM is acting in willful violation of this Court's discharge injunction. On December 14, 2020 at 4:00 p.m., MGM must appear and show cause why it should not be held in civil contempt.

SIGNED 12/02/2020

_____
Marvin Isgur
United States Bankruptcy Judge